RENDERED: DECEMBER 19, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0805-MR

THE CENTER FOR LANGUAGE
EDUCATION AND COOPERATION                                    APPELLANT

v.
APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 21-CI-00979

WESTERN KENTUCKY
UNIVERSITY                                                    APPELLEE

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, COMBS, AND LAMBERT, JUDGES.

LAMBERT, JUDGE: The Center for Language Education and Cooperation
(hereinafter "CLEC") appeals from the Franklin Circuit Court's Opinion and
Order, entered April 2, 2024, concluding that CLEC does not have standing to
maintain its breach of contract action against Western Kentucky University

(hereinafter "WKU").  After careful review of the briefs, record, and law, we vacate and remand for further proceedings.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

The salient facts are not in dispute.  CLEC is a self-described governmental agency of the People's Republic of China with the stated mission of promoting Chinese language and culture, supporting Chinese teaching internationally, and facilitating language and cultural exchanges.

CLEC entered into three contracts with WKU.[1]  The first contract, aptly the Establishment Agreement, pertains to establishing a CLEC institute at WKU.  Under the terms of the agreement, CLEC authorized WKU to use its title and logos and agreed to provide teaching materials, Chinese instructors, and funding for start-up costs and annually, according to need.  WKU was to provide offices, teaching sites, and administrative personnel; to aid the Chinese party with visa applications; and to match any annual funds provided by CLEC.  In the second contract, the Site Agreement, the parties agreed to jointly finance the construction of a building on WKU's campus to be used in furtherance of their mutual goal for

---

[1]  The contracts were signed by CLEC's predecessor in interest, the Confucius Institute Headquarters (also known as Haban).  However, as CLEC's status as the successor-in-interest is not contested and both entities are identified as sub-agencies of China's Ministry of Education, we will refer exclusively to CLEC to avoid unnecessary confusion.  And while WKU maintains that the contracts were with the Confucius Institute at Western Kentucky University, not WKU itself, that is a distinction we need not address in this Opinion.

at least fifty years. CLEC's financial contribution to this project was increased by the parties' third contract, the Supplemental Site Agreement. The building contemplated by the latter two agreements was constructed, but, approximately a year later, WKU unilaterally terminated the various agreements, closed its CLEC institute, and began using the site for its own purposes unrelated to the contracts.[2]

Ultimately, CLEC filed the underlying breach of contract action and requested monetary damages. WKU filed a motion to dismiss pursuant to Kentucky Rules of Civil Procedure (CR) 12.02, arguing that CLEC had failed to state a claim for which relief can be granted. In the motion, WKU advanced various arguments in support of dismissal that are not relevant to this appeal, but, at the hearing on the motion, the court questioned whether CLEC had standing to pursue its action. After permitting the parties to brief the matter, the court concluded that the issue of standing was dispositive and granted WKU's motion to dismiss on this basis via an April 2, 2024, order. On June 5, 2024, the court denied CLEC's subsequent motion to alter, amend, or vacate pursuant to CR 59.05, and this appeal timely followed.

---

[2] In the letter terminating the parties' agreements, WKU cited the enactment of the National Defense Authorization Act of 2019, which prohibited the use of Defense Department funding to support a Chinese language program at an institution of higher education that hosts a program run by CLEC's predecessor in interest.

## ANALYSIS

At issue is whether the court correctly determined that CLEC lacked standing to maintain its action for breach of contract. The Supreme Court of Kentucky set out the standing doctrine as follows:

> [F]or a party to sue in Kentucky, the initiating party must have the requisite constitutional standing to do so, defined by three requirements: (1) injury, (2) causation, and (3) redressability. In other words, "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." "[A] litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent . . . ." "The injury must be . . . 'distinct and palpable,' and not 'abstract' or 'conjectural' or 'hypothetical.'" "The injury must be 'fairly' traceable to the challenged action, and relief from the injury must be 'likely' to follow from a favorable decision."

*Commonwealth, Cabinet for Health & Fam. Servs., Dep't for Medicaid Servs. v. Sexton By & Through Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 196 (Ky. 2018) (citations in footnotes omitted). We review issues of standing *de novo*, affording no deference to the circuit court's ruling. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 664 S.W.3d 633 (Ky. 2023).

Based on CLEC's admission that it is a sub-agency of China's Ministry of Education, the circuit court found that CLEC had no actual right or interest in the contract, that its only role was administrative in nature, that CLEC merely served as a conduit for the funds paid to WKU, and that it did not receive

any independent benefit from the contracts with WKU. The circuit court reasoned that the disruption or termination of the contracts could not, therefore, inflict any concrete and particularized injury on CLEC itself, but rather only on China, and, thus, CLEC did not have standing.

On appeal, CLEC argues that it had standing as a party to the contract and that the circuit court erroneously disregarded the unrebutted allegation of the complaint that the funds came from CLEC's internal funds as true. WKU argues we should affirm because CLEC admitted in its briefing to the circuit court that China's Treasury is the ultimate source of its funding, albeit allegedly from internal, non-earmarked funds previously appropriated to CLEC through normal budgetary processes. We agree with CLEC that the court erred.

Although the court was concerned with the source of CLEC's funding, it has cited no support for its position that, even if its funding is derived from China, this deprived CLEC, a named party to the contracts at issue, of standing to sue for breach; and this Court is unaware of any such authority. But, as CLEC notes, it is a general rule that none but a party to a contract, or those in privity thereto, have the right to maintain an action for breach of contract claims. *Presnell Const. Managers, Inc. v. EH Const., LLC*, 134 S.W.3d 575, 579 (Ky. 2004). Here, CLEC entered into the agreements with WKU, with each party promising to undertake various obligations beyond merely providing funds

(contrary to the court's finding that CLEC was merely a pass-through entity). WKU has terminated the contracts, undermining CLEC's contributions and the stated intent of the agreements to further Chinese language and cultural exchange. We therefore conclude that CLEC has demonstrated a cognizable injury, and the court committed reversible error.

WKU urges this Court to affirm on the separate grounds of governmental immunity. CLEC objects, and, because this and several other issues were not addressed by the circuit court, we decline to consider the matter.

For the foregoing reasons, the Franklin Circuit Court's April 2, 2024, Opinion and Order concluding that CLEC does not have standing is vacated, and this matter is remanded for further proceedings in accordance with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Joseph E. Conley, Jr.
Edgewood, Kentucky

BRIEF FOR APPELLEE:

Thomas N. Kerrick
Colton W. Givens
Bowling Green, Kentucky